**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Daniel Maurice Frasier, Appellant.

Appellate Case No. 2016-000607

Appeal From Charleston County
William P. Keesley, Circuit Court Judge

Unpublished Opinion No. 2017-UP-197
Submitted April 1, 2017 – Filed May 11, 2017

**AFFIRMED**

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Megan Harrigan Jameson, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Rogers*, 361 S.C. 178, 183, 603 S.E.2d 910, 912-13 (Ct. App. 2004) (holding for an issue to be preserved for appellate review, it must be "(1)

raised to and ruled upon by the trial court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the trial court with sufficient specificity"); *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party may not argue one ground at trial and an alternate ground on appeal."); *State v. George*, 323 S.C. 496, 510-11, 476 S.E.2d 903, 911-12 (1996) ("If the trial [court] sustains a timely objection to testimony and gives the jury a curative instruction to disregard the testimony, the error is deemed to be cured."); *id.* ("No issue is preserved for appellate review if the objecting party accepts the [trial court's] ruling and does not contemporaneously make an additional objection to the sufficiency of the curative charge or move for a mistrial.").

**AFFIRMED.**[1]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.